## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

JOHN OSCAR DUNN, II,        :
        :
        Petitioner,    :
        :
v.        :    Case No. 4:24-cv-187-CDL-AGH
        :
GEORGIA DEPARTMENT OF    :
CORRECTIONS, *et al.*,    :
        :
        Respondents.    :
_____    :

## ORDER AND RECOMMENDATION

*Pro se* Petitioner John Oscar Dunn, II, a prisoner at Coffee Correctional Facility in Nicholls, Georgia, filed a 28 U.S.C. § 2254 petition (ECF No. 1) which has been amended (ECF No. 15). Petitioner challenges his 2012 convictions for three counts of burglary in the first degree from the Talbot County Superior Court. Am. Pet. 1, ECF No. 15. Petitioner also seeks leave to proceed *in forma pauperis* ("IFP") (ECF No. 2). Because it appears Petitioner cannot pay the filing fee (ECF No. 13), Petitioner's motion to proceed IFP (ECF No. 2) is **GRANTED**.

For the reasons set forth below, Petitioner's motions to produce documents and witnesses (ECF Nos. 5, 6, 7, 8, 9) are **DENIED** as premature. It is **RECOMMENDED** that Petitioner's requests for injunctive relief (ECF Nos. 10, 11) be **DENIED**. It is also **RECOMMENDED** that Petitioner's habeas petition be **DISMISSED WITHOUT PREJUDICE** and that a certificate of appealability ("COA") and any motion to proceed IFP on appeal be **DENIED**.

## I.    REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF

Petitioner filed two motions requesting that he be transferred to a safe location (ECF No. 10, 11).   He alleges that he is being used by multiple devices and that he is at additional risk because he has "witnessed many murders[.]"   Mot. for Transfer, ECF No. 10.   He further complains that prison officials "can read [his] motions from the computers before [he] even [has] a chance to send them in to the courts."   *Id.*  Lastly, he contends that "the Defendants can use the inmates to harm [him] even take [his] life for little to no cost using some psycotronics [sic] and electromagnetics weapons."   Mot. for Temp. Protective Order, ECF No. 11.

As a general rule, "a challenge to the *fact* or *duration* of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to *conditions* of confinement may proceed under [42 U.S.C.] § 1983[.]"   *McKinnis v. Mosely*, 693 F.2d 1054, 1057 (11th Cir. 1982) (quoting *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979)). [1]   Any complaint about the conditions of Petitioner's confinement—to include claims about his safety at the hands of prison officials in Coffee Correctional Facility—must be brought in an action pursuant to 42 U.S.C. § 1983. [2]   Such claims arise under the Eighth Amendment, and they are therefore "not cognizable under the mutually exclusive remedy of § 2254."   *Daker v. Warden*,

---

[1]   In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

[2]   Petitioner is further advised that should he bring a § 1983 claim against prison officials regarding the conditions of his confinement at Coffee Correctional Facility, his complaint would need to be filed in the Southern District of Georgia—where venue would be proper—and not in this Court.   *See* 28 U.S.C. § 1391(b); 28 U.S.C. § 90(c)(3).

805 F. App'x 648, 651 (11th Cir. 2020). It is therefore **RECOMMENDED** that Petitioner's requests for preliminary injunctive relief be **DENIED**.

## II.    PRELIMINARY REVIEW

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, Courts must "promptly" review a petition for habeas relief and dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" A state prisoner cannot petition for federal habeas relief without first exhausting his state court remedies. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust state court remedies, a state prisoner must first present his claims to the state courts through one complete round of the state's appellate review process, either on direct appeal or in state post-conviction proceedings. *Boerckel*, 526 U.S. at 845.

Failure to exhaust state remedies is a valid reason for dismissal under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653-54 (11th Cir. 2020). Although the exhaustion requirement is not jurisdictional, the Court can still *sua sponte* dismiss a § 2254 petition on a non-jurisdictional basis, so long as (1) the petitioner is given "notice of its decision and an opportunity to be heard in opposition[,]" and (2) the respondent is given similar notice and an opportunity to waive that defense. *Id*. at 653, 655 (allowing *sua sponte* dismissal based on untimeliness because Report and Recommendation provided notice and opportunity to respond to both petitioner and respondent); *Anthony v. Page*, No. 5:24-cv-247-MTT-AGH, 2024 WL 4656261, at

3

*2 (M.D. Ga. Oct. 1, 2024) (recommending dismissal of § 2254 petition for failure to exhaust), *report and recommendation adopted by* 2024 WL 4656177 (M.D. Ga. Nov. 1, 2024).

### A.    *Petitioner's failure to exhaust state remedies.*

Petitioner utilized a district court standard form for his amended petition (ECF No. 15).[3]  Petitioner answered "no" when asked on the form about whether he has filed any petitions, applications, motions, or appeals in the state courts challenging his conviction.  *Id*. at 2-7.  Petitioner admitted that "this is [his] first petition" and that he "didn't appeal."  *Id*. at 5, 7.  Thus, it "plainly appears" on the face of the amended petition that Petitioner has not exhausted available state remedies.  R. 4 of Rules Governing § 2254 Cases.  Accordingly, it is **RECOMMENDED** that this federal habeas petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies prior to seeking federal relief.

### B.    *The Petition contains frivolous claims.*

To survive Rule 4 preliminary review, a habeas petition "must set forth facts that, if true, would establish a constitutional violation entitling the petitioner to relief."  *Paez*, 947 F.3d at 653 (citing *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) for the proposition that "a § 2254 petition must comply with the 'fact pleading requirements of [Habeas] Rule 2(c) and (d)' to survive dismissal under Rule 4"

---

[3]  The amended petition (ECF No. 15) is now the operative pleading in this civil action.  *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("Under . . . federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case.") (citations omitted); *Barber v. Krepp*, 680 F. App'x 819, 821 n.2 (11th Cir. 2017) (declining to consider allegations in *pro se* petitioner's initial pleading since it was superseded by the subsequent amended pleading).

4

(alteration in original)).   A dismissal may be appropriate either on the merits or on a finding that the petition is procedurally barred or for both reasons.   *Id.* at 654. Federal district courts have a duty "to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Id.* (quoting Rules Governing § 2254 Cases, R. 4 advisory committee notes). Thus, district courts are required under Rule 4 "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).   Additionally, because Petitioner is proceeding IFP, his claims are also subject to review under 28 U.S.C. § 1915(e) which provides that a claim filed by a person proceeding IFP shall be dismissed if the court determines the action or appeal is frivolous or malicious, or fails to state a claim upon which relief may be granted.   28 U.S.C. § 1915(e)(2)(B)(i), (ii).

The liberal construction that applies to *pro se* pleadings cannot serve as a substitute for establishing a cause of action, and if the Court determines that the factual allegations in a complaint are "clearly baseless" the complaint should be dismissed as frivolous.   *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).   Examples of "clearly baseless" factual allegations are those "describing fantastic or delusional scenarios[.]"   *Id.* at 328; *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325, 327-28) (stating that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, fanciful, fantastic, or delusional); *Porter v. Governor of the State of Fla.*, 667 F. App'x 766, 767 (11th Cir. 2016) (citing *Denton*, 504 U.S. at 32-33) ("A lawsuit is frivolous if its claims involve factual

contentions that are fanciful, fantastic, irrational, and/or delusional.").

Here, Petitioner alleges that the Commissioner of Social Security started "the commission of [Petitioner's] vessel to investors by placing [his Social Security] number on the stock market." Am. Pet. 5. Petitioner asserts that he is a "presidential bank account" and that he has been

> facilitated using biochips, electromagnetic and pschtronic weapons, E.M.F. Brain Stimulation Radiation, frame work, soft ware, computer systems, virtual reality "Phantom that employs force feedback narus system's, microwave wall bug sensor's, international space station witch is for recycling human life support and reducing the gravity of humans plants, crystals, cell's, and pathogens, using satellites to project the entities that entered [his] vessel.

*Id.* (misspelling and lack of punctuation in original). Petitioner further contends that his "vision [and] hearing are being manipulated by frequency and [he's] being pinned down causing pain to [his] inturnals. [sic]" *Id.* Petitioner includes with his amended petition an attachment entitled "Virtual Reality Fact's [sic] from the Lucent Library of Science and Technology" in which he further elaborates on how technology is used to transmit "sensations to a whole body" causing inmates "to kill and even commit suicide[,]" how not synchronizing the software everyday leaves an inmate in "a state of stagmentation[,]" how access to this technology by government officials is in violation of the "Bush Doctrine (2001)[,]" how his "intelligence is being stolen and quite possibly sold to investor's [sic] without [his] consent," and how he cannot get a fair trial because everyone is controlled by devices that "are being controlled by the investors who work hand in hand with the [Social Security] commissioner." *Id.* at 18-21.

6

Petitioner's allegations "rise to the level of the irrational or wholly incredible" and, therefore, this action is subject to dismissal as frivolous. *See Gary v. U.S. Gov't*, 540 F. App'x 916, 916-17 (11th Cir. 2013) (citing *Denton*, 504 U.S. at 33) (affirming dismissal of complaint as frivolous under § 1915(e) where plaintiff claimed that "high-level government officials . . . had implanted microchips into her body that caused tumors and tissue damage [and] that these microchips were used to conduct biomedical research regarding her reproductive system, to track her movements, and to cause her pain."). Therefore, it is further **RECOMMENDED** that this habeas petition be **DISMISSED without prejudice** because Petitioner has failed to exhaust his state remedies and because his claims are frivolous.

## III.    MOTIONS TO PRODUCE

Petitioner filed several motions to produce documents and witnesses (ECF Nos. 5, 6, 7, 8, 9). However, while discovery is provided for in the Rules Governing Section 2254 Cases in the United States District Courts, that discovery is only available with leave of court <u>after</u> preliminary review under Rule 4. R. 6(a) of Rules Governing § 2254 Cases. Because the Court recommends dismissal of Petitioner's habeas petition under Rule 4, discovery is not warranted. Accordingly, Petitioner's requests for production of documents and witnesses (ECF Nos. 5, 6, 7, 8, 9) are **DENIED**.

## IV.    CERTIFICATE OF APPEALABILITY AND IFP ON APPEAL

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a COA. 28 U.S.C. § 2253(c)(1)(A). Rule 11(a) of the Rules Governing Section 2254

Cases in the United States District Courts provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant," and if a COA is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

"A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a demonstration that "jurists of reason could disagree with the district court's resolution of [a petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," such as in this case, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Petitioner has not made these showings. Therefore, it is **RECOMMENDED** that Petitioner be **DENIED** a COA. Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Accordingly, it is **RECOMMENDED** that any motion to proceed IFP on appeal be **DENIED**.

## V.     CONCLUSION

For the foregoing reasons, Petitioner's motion to proceed IFP (ECF No. 2) is **GRANTED**, and his motions to produce documents and witnesses (ECF Nos. 5, 6, 7, 8, 9) are **DENIED**.   It is **RECOMMENDED** that this habeas action be **DISMISSED without prejudice** as frivolous and due to Petitioner's failure to exhaust his state remedies prior to seeking federal habeas relief.   Because Petitioner's requests for injunctive relief are not cognizable in a habeas action, it is also **RECOMMENDED** that his requests for injunctive relief (ECF Nos. 10, 11) be **DENIED**.   It is further **RECOMMENDED** that any COA and motion to proceed IFP on appeal be **DENIED**.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Clerk is **DIRECTED** to notify Petitioner of this ruling by mailing him a copy of this Order and Recommendation of Dismissal.   Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, the Clerk is **DIRECTED** to serve a copy of the amended petition (ECF No. 15), and this Order and Recommendation of Dismissal on the Attorney General and Respondent electronically through CM/ECF and they may, **but are not required to**, respond to the Order and Recommendation of Dismissal.

## VI.     OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of

this Order and Recommendation of Dismissal.   Any objection is limited in length to **TWENTY (20) PAGES**.   See M.D. Ga. L.R. 7.4.   Any party may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.   *See* 11th Cir. R. 3-1.

  **SO ORDERED and RECOMMENDED**, this 22nd day of April, 2024.

     s/ *Amelia G. Helmick*     
     UNITED STATES MAGISTRATE JUDGE