IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JOHN OSCAR DUNN, II, | : |
| Petitioner, | : |
| v. | : Case No. 4:24-cv-187-CDL-AGH |
| GEORGIA DEPARTMENT OF CORRECTIONS, | : |
| Respondent. | : |

### ORDER

On May 27, 2025, final judgment was entered in this civil action after the District Judge adopted the Magistrate Judge's Recommendation to dismiss this habeas action as frivolous and for failure to exhaust state remedies (ECF Nos. 16, 18, 19). Now before the Court is *pro se* Petitioner's "Petition for Automatic Judicial Immunity/Parliamentary Immunity" and "Petition for Full Pardon 'Horse, Gun, Bullets, and Silver'" (ECF No. 20). Petitioner's motion is dated May 18, 2025 and postmarked May 23, 2025. *Id.* at 1; Envelope, ECF No. 20-1. Thus, although Petitioner's motion is docketed the same day that judgment was entered in this case, Petitioner's motion was submitted prior to the entry of judgment and will be considered as such.[1]

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daker v. Comm'r, Ga. Dep't of Corrs.*, 820 F.3d 1278, 1286 (11th Cir. 2016) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)). "Absent evidence to the contrary," courts "assume that [the prisoner's filing] was delivered to prison authorities the day he signed it." *Id.* (quoting *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)).

Petitioner's motion (ECF No. 20) is filled with the same fanciful and delusional ruminations that were in his habeas petition—about implanted devices in his body that are controlled by the government (ECF No. 1). These statements to not state any ground for relief and Petitioner's motion (ECF No. 20) is consequently **DENIED** as frivolous. *See* N*eitzke v. Williams*, 490 U.S. 319, 328 (1989) (the term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation"); *Gary v. U.S. Gov't*, 540 F. App'x 916, 916-17 (11th Cir. 2013) (finding claims frivolous where the plaintiff alleged that "high-level government officials . . . had implanted microchips into her body that caused tumors and tissue damage . . . [and] that these microchips were used to conduct biomedical research regarding her reproductive system, to track her movements, and to cause her pain.").

**SO ORDERED**, this 4th day of June, 2025.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE